```
           UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

SHAH McKENNEY,                     :
                                   :
            Petitioner             :
                                   :   CIVIL NO. 1:CV-07-0594
       vs.                         :
                                   :   (Judge Caldwell)
WARDEN TROY WILLIAMSON,            :
                                   :
            Respondent.            :
```

*M E M O R A N D U M*

I.   *Introduction*

Shah McKenney, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, initiated these pro se habeas proceedings pursuant to 28 U.S.C. § 2241.  He challenges his conviction for possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1), and the sentence imposed, fifteen years, the mandatory minimum sentence pursuant to the Armed Career Criminal Act (ACCA).  *See* 18 U.S.C. § 924(e).

The criminal proceedings took place in the United States District Court for the District of Rhode Island under docket number 1:05-CR-00003.  McKenney took a direct appeal, *United States v. McKenney*, 450 F.3d 39 (1st Cir. 2006), but did not seek certiorari nor did he file a motion under 28 U.S.C. § 2255.

McKenney makes two arguments. First, his guilty plea was unlawfully induced because he entered the plea without an understanding of the charge against him or the consequences of the plea. Second, his three Rhode Island state drug convictions could not be used to enhance his sentence under the ACCA because state-law felonies do not qualify if they are only federal-law misdemeanors, citing *Lopez v. Gonzales*, ___ U.S. ___, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), a case dealing with the Immigration and Nationality Act.

Confronting his failure to file a 2255 motion, McKenney asserts that such a motion is inadequate and ineffective, thereby allowing him to proceed by way of section 2241, because he "was informed that [he] couldn't file a motion under Section 2255 because [he had] waived such collateral attack."  (Doc. 5, Amended Petition at p. 6).

Even if McKenney had waived his right to pursue a 2255 motion, and had done so validly, this does not establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention.  We therefore lack jurisdiction over this 2241 petition.  We will, however, transfer it to the District of Rhode Island to allow that court to decide if it will adjudicate Petitioner's claims under section 2255.

II.   *Discussion*

A federal criminal defendant's conviction and sentence are ordinarily subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Petitioner should therefore have proceeded in the sentencing court under section 2255. *See* 28 U.S.C. § 2255 ¶ 1.

A defendant can challenge a conviction or sentence under § 2241 if a 2255 motion is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255 ¶ 5, but this safety-valve language must be strictly construed. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. We think it follows that when a defendant (validly we assume) waives the right to file a 2255 motion, he cannot justify a 2241 petition by claiming that section 2255 was made unavailable by his waiver. *See Rivera v. Unites States*, 1999

-3-

WL 587792, at *3-4 (S.D.N.Y.) (defendant who waived his right to seek section 2255 relief cannot invoke section 2241, nor can he rely on the All Writs Act by claiming that section 2255 was made unavailable by his waiver).

We acknowledge that McKenney challenges his guilty plea and that this might call into question the constitutionality of the waiver, but these issues are cognizable in 2255 proceedings initiated in the sentencing court, with the validity of the plea and the waiver litigated there. *See United States v. Ciampi*, 419 F.3d 20, 25 (1st Cir. 2005).[1]

Because section 2255 is not inadequate or ineffective, we lack jurisdiction over this 2241 petition. *See Board v. Williamson*, 2007 WL 4351350, at *3 (3d Cir. 2007) (per curiam) (nonprecedential). We could dismiss the petition, *id.* or, as a court lacking jurisdiction, we could transfer it under 28 U.S.C. § 1631 "in the interest of justice" to one that does, the District of Rhode Island. We believe transfer is appropriate because otherwise Petitioner's claims might be barred by the statute of

---

[1] We note that Respondent asserts that the waiver is set forth in Petitioner's plea agreement, (doc. 8, p. 2), presumably written. However, Respondent has not provided us with a copy of the agreement. For his part, Petitioner asserts that he was "informed" that he had waived his right to file a section 2255 motion but does not say how that waiver was accomplished. A sentencing court can resolve waiver and related issues as it is familiar with the case and has the record.

-4-

limitations if he had to refile a 2255 motion. *See Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)(one factor favoring transfer of a 2241 petition is whether a 2255 motion would now be time-barred); *Woody v. Marberry*, No. 04-CV-74801, 2006 WL 2189896, at *2 (E.D. Mich. July 31, 2006)(citing *Phillips*, and relying on limitations issue to transfer a 2241 petition to the sentencing court). *Accord Casado v. Morris*, 1998 WL 665378, at *2 (D.N.J.)(noting that some 2241 petitions should be transferred to the sentencing court but deciding not to do so when the statute of limitations on a 2255 motion had already run before the 2241 petition had been filed).

Section 2255 imposes a one-year statute of limitations on section 2255 motions. 28 U.S.C. § 2255 ¶ 6. In pertinent part, the limitations period begins to run from "the date on which the judgment of conviction becomes final." *Id.* Defendant took a direct appeal but did not seek certiorari. In these circumstances, the limitations period began to run ninety days after the direct appeal was denied. *Derman v. United States*, 298 F.3d 34, 41-42 (1st Cir. 2002); *Miller, supra*, 197 F.3d at 652 n.9. McKenney's direct appeal was denied on June 8, 2006, so the period began to run on September 6, 2006. Defendant therefore had until September 6, 2007, to file a section 2255 motion. Thus, a 2255 motion filed now would be time-barred. However, McKenney's

original 2241 petition was filed on March 29, 2007, and his amended petition on April 17, 2007, both within the one-year period of limitations.  We therefore believe this case should be transferred to the District of Rhode Island so that the sentencing court can have the opportunity to consider it as a 2255 motion.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 11, 2008

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAH McKENNEY, | : |
| | : |
| Petitioner | : |
| | :    CIVIL NO. 1:CV-07-0594 |
| vs. | : |
| | :    (Judge Caldwell) |
| WARDEN TROY WILLIAMSON, | : |
| | : |
| Respondent. | : |

*O R D E R*

AND NOW, this 11th day of February, 2008, upon consideration of Shah McKenney's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, it is ordered that the Clerk of Court shall transfer this action to the United States District Court for the District of Rhode Island and close this file.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge